**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No:

**JOLENE MICHELLE REED,**
**Plaintiff,**

v.

**ARAPAHOE COUNTY SHERIFF'S OFFICE,**
**BOARD OF COUNTY COMMISSIONERS, ARAPAHOE COUNTY, COLORADO,**
**CENTURA HEALTH *dba* PORTER ADVENTIST HOSPITAL,**
**SOUTH METRO FIRE RESCUE AUTHORITY,**
**DEVIN C. BATEMAN,, M.D.**
**BARBARA GALINSKY,**
**DIANA L. HARPER,**
**T. KLISNICK,**
**ROBIN K. LEBSACK**
**MICHAEL SCHUETT, M.D.,**
**JOHN DOE 1and 2** and
**JANE DOE,**
**Defendants.**

---

**COMPLAINT**

---

Jolene Reed, by and through her undersigned attorney, hereby brings this Complaint against the above-named defendants.

**PARTIES**

1. Jolene Reed ("Reed") is an individual and a resident of Colorado.

2. Arapahoe County Sheriff's Office ("Sheriff's Office") is a governmental agency, organized under the laws of Colorado, with its offices at 13101 Broncos Parkway, Centennial, CO 80112. The Sheriff's Office is sued as an entity.

3. Board of County Commissioners of Arapahoe County ("Arapahoe County") is the

body overseeing the affairs of Arapahoe County, a county organized under the laws of Colorado, whose offices are at 5334 S Prince Street Littleton, CO 80166. The Board is sued as an entity.

4. Centura Hospital *dba* Porter Adventist Hospital ("Porter Hospital") is a private health care facility, doing business in Colorado, at 2525 S. Downing, Denver, CO 80210.

5. South Metro Fire Rescue Authority ("Rescue Authority"), is a government entity representing a consolidation of the Parker Fire Protection District and the South Metro Fire Rescue Authority, with its offices at 9195 E. Mineral Avenue, Centennial, CO 80112.

6. Devin C. Bateman, MD ("Bateman") is an individual and at all times relevant to the claims here, is a resident of Colorado and a physician practicing medicine at Porter Hospital.

7. Barbara A. Galinsky, ("Galinsky") is an individual and, at all times relevant to the claims here, is a resident of Colorado and a nurse practicing medicine at Porter Hospital.

8. Diana L. Harper ("Harper") is an individual and, at all times relevant to the claims here, is a resident of Colorado and a social worker doing psychiatric evaluations at Porter Hospital.

9. T. [first name unknown] Klisnick ("Klisnick") is an individual and, at all times relevant to the claims here, is a deputy with the Arapahoe County Sheriff's Office, whose address is 13101 Broncos Parkway, Centennial, CO 80112**.**

10. Robin K. Lebsack ("Lebsack") is an individual and, at all times relevant to the claims here, is a deputy with the Arapahoe County Sheriff's Office, whose address is 13101 Broncos Parkway, Centennial, CO 80112**.**

11. Michael C. Schuett, M.D. ("Schuett") is an individual and, at all times relevant to the claims here, is a resident of Colorado and a physician practicing medicine at Porter Hospital.

12. John Doe 1 and 2, and Jane Doe ("Doe 1, 2, and 3") are individuals and, at all times relevant to the claims here, were emergency medical technicians (EMTs) working for South Metro Fire Rescue Authority, whose offices are located at 9195 E. Mineral Avenue, Centennial, CO 80112. Despite efforts, Plaintiff has been unsuccessful in securing the names of the EMTs.

**JURISDICTION**

13. The purpose of this action is to redress and restrain acts or practices by Defendants which federal and state law deem unlawful.

14. The Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1367. This action is authorized and instituted pursuant to 42 U.S.C. §1983.

15. Venue for this action properly lies in the District of Colorado pursuant to 28 U.S.C. §1391(b).

**NATURE OF THIS ACTION**

16. This case arises out of the actions of (i) government defendants Arapahoe County, Arapahoe County Sheriff's Office and its deputies in illegally searching and seizing Ms. Reed in violation of her Fourth Amendment rights; (ii) government defendants Rescue Authority, and its employees John Doe 1 and 2, and Jane Doe, in illegally confining and transporting Ms. Reed to Porter Hospital; and (iii) Porter Hospital and its employees in illegal confining, testing and treating Ms. Reed without consent, cause or legal privilege.

## FACTUAL ALLEGATIONS

### Background

17. Ms. Reed is a 48-year old female who has resided in Colorado since 1987.

18. Prior to the incident at issue here, Ms. Reed (i) had never been arrested or charged with a crime, (ii) had never been hospitalized for a psychiatric condition, (iii) had never experienced a psychiatric condition, and (iii) had never taken medication for a psychiatric condition.

19. In fact, since she completed rehabilitation in her twenties, Ms. Reed has not consumed alcohol or taken any kinds of drugs, including prescription or over-the-counter drugs.

### Acts of Police Defendants

20. On June 4, 2009, at approximately 8:00 a.m., Ms. Reed was waiting in a private parking garage to meet a friend.

21. She had been waiting for approximately 5-10 minutes, when she was approached by Arapahoe Sheriff's deputies Lebsack and Klisnick, and the following occurred:

a. The deputies asked Ms. Reed why she was in the garage;

b. Defendants Lebsack and Klisnick asked Ms. Reed for identification, at which point she showed them her driver's license in her wallet; the deputies noticed a weapons permit issued by the Douglas County Sheriff's Office.

c. The deputies frisked Ms. Reed and searched her purse, without her consent; and the deputies noted a baton, but found nothing suspicious.

d. At that point, one of the deputies shined a light momentarily at Ms. Reed's

eye, saying something to the effect of her pupils were not responding to light, an alleged fact not noted by any medical personnel.

e. The deputies, defendants Lebsack and Klisnick, then required Ms. Reed to walk outside with them.

f. Ms. Reed continuously told the defendant deputies that there was nothing wrong with her and demanded to be released, to no avail.

g. The defendant deputies called Ms. Reed's husband, whose name and cell phone number Reed had supplied them, and found that Ms. Reed had no previous psychiatric history.

22. Ms. Reed believed that she was in custody at the point at least at the point when she was being frisked in the garage, if not before.

23. The deputies acted in total disregard for Ms Reed's well-being in that they detained her, removed her from the scene, and had her taken away via ambulance transport for psychiatric evaluation and medical treatment with no reasonable cause and in disregard of all evidence indicating that there was nothing wrong with her.

24. Arapahoe County and Arapahoe County Sheriff's Office has failed to properly train and/or supervise its officers with regard to search and seizures of citizens, especially with regard to psychiatric evaluations and holds and other related issues, has been negligent in its hiring of deputies and has engaged in a pattern and practice of unlawful detentions.

**Acts of Rescue Authority Defendants**

25. Defendants Doe 1, 2 and 3 from the South Metro Fire Rescue Authority arrived on the scene after being called by the defendant deputies; at which point defendant deputies placed

Ms. Reed in the ambulance for transport to Porter Hospital, after which the following occurred:

a. Defendants Doe 1, 2 and 3 took Ms. Reed into the ambulance, without her consent and despite her protestations that nothing was wrong with her and that they should let her go.

b. During the trip to Porter Hospital, defendants Doe 1, 2 and 3 strapped Ms. Reed to a gurney, strapped and kept a blood pressure cuff on her, and took Ms. Reed's blood pressure multiple times

c. Defendants Doe 1, 2 and 3 then transported Ms. Reed to Porter Hospital, transferring custody to personnel in the Emergency Department.

26. Rescue Authority has failed to properly train and/or supervise its employees with regard to seizures of citizens, and especially with regard to psychiatric evaluations and holds and other related issues, has been negligent in its hiring of employees and has engaged in a pattern and practice of unlawful detentions.

**Acts of Hospital Employees**

27. Personnel at Porter Hospital, acting on behalf of government authorities, then took custody of Ms. Reed, taking the following actions, among others:

a. Defendant Porter Hospital and the individual defendants detained Ms. Reed from 9:18 a.m. on June 4, 2009, until 2:30 p.m. the next day, June 5, 2009, without her consent, and against her express protestations that she wanted to be released and her unquestionable refusal to submit to any tests and treatments.

b. Drs. Schuett and Bateman, and Social Worker Harper, examined Ms. Reed

and ordered and/or recommended that she be held in the Hospital without any privilege or reasonable cause.

c. Defendant Harper's notes on her examination were full of inaccuracies, exaggerations and falsehoods, for example, the statement that Ms. Reed refused a breathalyser test when, in fact, one had not even been offered to her.

d. Upon orders from Drs. Schuett and Bateman, and, possibly currently-unidentified others, defendant Porter Hospital employees, including defendant Galinsky (i) forced Ms. Reed to take off her clothes, and (ii) took her clothes and other personal belongings, searched them and refused to return them to Ms. Reed when she repeatedly requested their return, all without her consent.

e. Upon orders from Drs. Schuett and Bateman, and, possibly currently-unidentified others, defendant Porter Hospital employees, including defendant Galinsky subjected Ms. Reed to medical monitoring and tests to which she did not consent, including but not limited to holding her down and forcibly drawing blood and forcing her to have a CT scan of her brain.

f. Upon orders from Drs. Schuett and Bateman, and, possibly currently-unidentified others, defendant Porter Hospital employees, including defendant Galinsky, with complete disregard for Ms. Reed's verbally-stated objection to drugs of any kind, including prescription drugs, and without taking any kind of medical history, forced Ms. Reed to take various

medications against her will, which actions included but were not limited to (i) holding her down to forcibly insert a catheter and injecting her with Zyprexa aka olanzapine (a powerful anti-psychotic drug), and (ii) forcing her to take other medications against her will such as albuterol and ipratropium.

g. Defendant Galinsky threatened Ms. Reed and forced her to sign papers against her will, participating in and/or ordering others to forcibly hold Ms. Reed down for treatment and/or tests, among other actions.

h. Porter Hospital only released Ms. Reed the next day after another set of doctors came on duty and determined that Ms. Reed did not meet the criteria for a hold or other hospital admission or stay.

28. At no time during the incident in question did Ms. Reed meet the criteria for a medical hold, and, at no time did she exhibit any behavior that would have led a reasonable person to believe that she was a danger to herself or others, or mentally ill.

**Effects of Defendants' Actions**

29. As a result of Defendants' actions, Ms. Reed suffered severe emotional and physical distress, increased by the fact that Ms. Reed rarely, if ever, takes even prescription or over-the-counter drugs. Emotionally, Ms. Reed suffered and continues to suffer, among other effects, feelings of being violated and victimized, anxiety, fear, anger, shame, humiliation, loss of enjoyment of life, depression, nightmares and insomnia. Physically, Ms. Reed suffered and continues to suffer, among other effects, loss of sleep, nightmares, loss of appetite, nausea, weight loss, migraine headaches, bouts of rage, bouts of sobbing, interpersonal relationship problems,

and loss of enjoyment of life.

30. Ms. Reed has also suffered and continues to suffer economic damages from the actions of the Defendants, including, but not limited to medical costs for her unwanted transport and treatment, damage to her credit score and report, and the necessity of incurring substantial attorney's fees and costs.

31. Ms. Reed has also suffered and will continue to suffer indefinitely adverse effects from the damage to her reputation, character, and personal and financial record, including but not limited to potential impacts on job applications, insurance applications, security clearances, and the like.

**CGIA REQUIREMENTS**

32. As required under the Colorado Immunity Act, §24-10-109, C.R.S., for claims resting in tort, Ms. Reed filed notices of claims with Arapahoe County, Arapahoe County Sheriff's Office, South Metro Fire and Rescue Authority, and Centura Health *dba* Porter Hospital within 180 days of the incidents at issue here. It has been over 90 days since the filing of those notices. All of the entities served with the notices failed to take any action.

**VIOLATIONS ALLEGED**

33. As to each of the following claims for relief, paragraphs 1 through 32 above are incorporated by reference and re-alleged as if fully set forth in each separate claim.

**CLAIMS**

**First Claim**
**(Violation of Constitutional Rights under 42 U.S.C. §1983)**
**[Arapahoe County, Arapahoe Sheriff's Office and Defendants Lebsack and Klisnick]**

34. Arapahoe County and Arapahoe County Sheriff's Office are governmental entities

and the individual named defendants are deputies and, at all times relevant to this complaint, were acting under color of law.

35. Through the actions described above, especially the actions of:

a. Stopping Ms. Reed, without her consent, and without reasonable suspicion and/or probable cause;

b. Detaining Ms. Reed, without her consent, and without reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope;

c. Causing Ms. Reed, without her consent, to be transported and held in a hospital, and subjected to unwanted tests and treatments, without sufficient legal reason,

the named Defendants violated Ms. Reed's rights under the Fourth Amendment to the Constitution, thus entitling Ms. Reed to damages under 42 U.S.C §1983.

36. In their actions, the individual defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

37. The named entities failed to properly train and supervise these and other officers, and was negligent in hiring officers, with the result that there has been a pattern and practice of unlawful detentions.

38. As a result of Defendant's actions, Ms. Reed suffered damages, including but not limited to those described above.

**Second Claim**
**(Violation of Constitutional Rights under 42 U.S.C. §1983)**
**[Doe 1, 2 and 3]**

39. Defendants are employees of a governmental entity, South Metro Fire Rescue Authority, acting as agents of Arapahoe County and/or the Arapahoe County Sheriff's Office, and, were acting under color of law.

40. Through the actions described above, especially the actions of:

a. Detaining Ms. Reed, without her consent, and without reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope,

b. Transporting Ms. Reed, without her consent, to a hospital without sufficient legal reason,

c. Subjecting Ms. Reed to medical procedures,

the named Defendants violated Ms. Reed's rights under the Fourth Amendment to the Constitution, thus entitling Ms. Reed to damages under 42 U.S.C §1983.

41. As a result of Defendant's actions, Ms. Reed suffered damages, including but not limited to those described above.

**Third Claim**
**(Violation of Constitutional Rights under 42 U.S.C. §1983)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Galinsky, Harper and Schuett]**

42. During all times relevant to the claims here, named defendants were acting as agents of Arapahoe County and/or the Arapahoe Sheriff's Office, and, thus, were acting under color of law.

43. Through the actions described above, especially the actions of:

a. Detaining Ms. Reed, without her consent, and without privilege, reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope;

b. Subjecting Ms. Reed, without her consent and against her expressed wishes, without privilege and without sufficient legal reason, to tests and treatments,

the named Defendants violated Ms. Reed's rights under the Fourth Amendment to the Constitution, thus entitling Ms. Reed to damages under 42 U.S.C §1983.

44. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

45. As a result of Defendants' actions, Ms. Reed suffered damages, including but not limited to those described above.

**Fourth Claim**
**(Violation of State Law - False Imprisonment/False Arrest)**
**[Defendants Lebsack and Klisnick]**

46. Through the actions described above, especially the action of:

a. Detaining Ms. Reed, without her consent and against her expressed wishes, and without reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope;

b. Causing Ms. Reed, without her consent and against her expressed wishes, to be transported and held in a hospital, where she was tested and treated

against her will, and without sufficient legal reason,

named defendants committed the torts of false arrest and/or false imprisonment upon Ms. Reed.

47. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

48. As a result of Defendant's actions, Ms. Reed suffered damages, including but not limited to those described above.

**Fifth Claim**
**(Violation of State Law-False Imprisonment)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Galinsky, Harper and Schuett]**

49. Through the actions described above, especially the action of intentionally confining Ms. Reed without privilege or her consent and without any reasonable cause for a period of over 24 hours, the named defendants committed the tort of false imprisonment upon Ms. Reed.

50. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

51. As a result of Defendants' actions, Ms. Reed suffered damages, including but not limited to those described above.

**Sixth Claim**
**(Violation of State Law-Assault and Battery)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Galinsky, and Schuett]**

52. Through the actions described above, especially the actions of forcibly holding Ms.

Reed down, and otherwise restraining her against her will, drawing blood from her against her will, and inserting a catheter in her against her will, performing other unwanted medical procedures, and injecting her with and subjecting her to drugs she strenuously refused, the named defendants committed the tort of assault and battery upon Ms. Reed.

53. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

54. As a result of Defendants' actions, Ms Reed suffered damages, including but not limited to those described above.

**Seventh Claim**
**(Violation of State Law-Outrageous Conduct)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Harper and Schuett]**

55. Through the actions described above, especially the actions of:

a. Detaining Ms. Reed, without her consent, and without privilege, reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope;

b. Subjecting Ms. Reed, without her consent and against her expressed wishes, without privilege and without sufficient legal reason, to tests and treatments,

c. Forcibly holding Ms. Reed down, and otherwise restraining her against her will and her expressed wishes, without privilege and without sufficient legal reason,

d. Drawing blood from Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason,

e. Inserting a catheter in Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason,

f. Performing unwanted medical procedures on Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason, and

g. Injecting Ms. Reed with and subjecting her to drugs she strenuously refused, without privilege and without sufficient legal reason,

which actions intentionally and/or recklessly caused severe emotional distress to Ms. Reed, the named defendants committed the tort of outrageous conduct (intentional infliction of emotional distress) upon Ms. Reed.

56. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

57. As a result of Defendants' actions, Ms. Reed suffered damages, including but not limited to those described above.

**<u>Eight Claim</u>**
**(Violation of State Law-Negligent Infliction of Emotional Distress)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Harper and Schuett]**

58. The named defendants, as her treating hospital, physicians and nurse, had a legal duty to Ms. Reed.

59. Through the actions described above, especially the actions of:

a. Detaining Ms. Reed, without her consent, and without privilege, reasonable suspicion or probable cause, and/or beyond a reasonable period of time or scope;

b. Subjecting Ms. Reed, without her consent and against her expressed wishes, without privilege and without sufficient legal reason, to tests and treatments,

c. Forcibly holding Ms. Reed down, and otherwise restraining her against her will and her expressed wishes, without privilege and without sufficient legal reason,

d. Drawing blood from Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason,

e. Inserting a catheter in Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason,

f. Performing unwanted medical procedures on Ms. Reed against her will and her expressed wishes, without privilege and without sufficient legal reason, and

g. Injecting Ms. Reed with and subjecting her to drugs she strenuously refused, without privilege and without sufficient legal reason,

which caused severe emotional distress to Ms. Reed, the named defendants, as her treating hospital, physicians and nurse, breached the applicable standard of care owed to Ms. Reed, and, thus, committed the tort of negligent infliction of emotional distress upon Ms. Reed.

60. As a result of Defendants' actions, Ms. Reed suffered damages, including but not limited to those described above.

**Ninth Claim**
**(Violation of State Law-Medical Negligence)**
**[Centura Health/Porter Hospital and individual hospital defendants Bateman, Harper and Schuett]**

61. The named defendants, as her treating hospital, physicians and nurse, had a legal duty to Ms. Reed;

62. Through the actions described above, especially the actions of:

a. Ordering that Ms. Reed be confined without privilege, patient consent, or adequate medical evidence,

b. Ordering that Ms. Reed be subjected, forcibly and against her will and verbal direction, to medical treatments and tests without taking a full medical history and without medical evidence or reason,

c. Making and maintaining gross errors and omissions in her medical records,

the named defendants breached the applicable standard of care owed to Ms. Reed, resulting in foreseeable injury to Ms. Reed as a proximate cause of the breach, and, thus committed medical negligence.

63. In their actions, the Defendants acted intentionally, and in a willful and wanton manner, recklessly disregarding Ms. Reed's protestations and the evidence that nothing was wrong with her.

64. As a result of Defendants' actions, Ms. Reed suffered damages, including but not limited to those described above.

**PRAYER FOR RELIEF**

A. In view of all of the preceding, Ms. Reed respectfully requests that this Court award, adjudge and decree that:

(1) The conduct alleged is violative of federal and state law and of Ms. Reed's rights thereunder;

(2) In accordance with state and federal law,

(a) Defendants pay to Ms. Reed an amount – the exact total of which is presently undetermined – comprised of

(I) The actual damages she has sustained and damages she will sustain in the future as a result of such violations, economic and emotional, and

(II) Exemplary or punitive damages;

(b) Ms. Reed be awarded her costs of suit, including reasonable attorneys' fees and costs;

(c) Ms. Reed be awarded interest on the above; and

B. Ms. Reed have such other, further and different relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

**Dated** this 3rd day of June, 2010.

Respectfully submitted:

*s/Patricia S. Bangert*

______________________

Patricia S. Bangert, #20541,
Attorney at Law, LLC
3773 Cherry Creek North Drive, Suite 575
Denver, Colorado 80209
Phone: (303) 228-2175
Fax: (303) 399-6480
Email: trishbang@aol.com
**Attorney for Plaintiff**

Address of Plaintiff:
8851 S. Green Meadows Dr.
Highlands Ranch, CO 80126